FILED
U.S. DISTRICT COURT
AVANNAH DIV.

AUG 10 PM 1: 40

CLERK
SO. DIST OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| ANDREW JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV606-14 |
| ) | |
| MIKE KILE, Sheriff, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the Court is defendant's motion for summary judgment. Doc.

11. Plaintiff has responded in opposition to defendant's motion. Doc. 16.

For the following reasons, defendant's motion should be DENIED.

## I.    BACKGROUND

Plaintiff, a former pretrial detainee, filed the instant action pursuant

to 42 U.S.C. § 1983 alleging that he was denied medical treatment by

Sheriff Mike Kile while he was confined in the Screven County Jail from

August to December 2005.  Doc. 1.  Plaintiff states that at the time of his

arrest and incarceration in the jail, he was under a doctor's care and

undergoing therapy for injuries to his legs which he sustained at work. Id.

Plaintiff claims that although he was in "deep pain" and asked to see a doctor, Sheriff Kile refused to allow him to do so, stating that the county would not pay for plaintiff's medical bills. Id.

Plaintiff alleges that his medical conditions worsened due to Sheriff Kile's conduct. Doc. 1. He contends that Sheriff Kile's refusal to provide him with the necessary medical care constituted cruel and unusual punishment. Id. Plaintiff further contends that defendant Kile was aware of his injury because he allowed plaintiff to attend an "Injury Settlement at the EEOC." Doc. 16. Plaintiff seeks payment for his lost wages that he suffered due to the sheriff's "neglect." Id.[1]

## II.  Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure requires a court to enter summary judgment where the record, taken as a whole, establishes

_____

[1] Plaintiff also asserts that Sheriff Kile retaliated against him after he gave a television interview regarding uncompensated "working inmates." Id. He contends that because he participated in this interview, Sheriff Kile refused to give him medical attention. Id. Plaintiff's claim for retaliation appears to be a newly asserted claim. To the extent plaintiff seeks to amend his complaint to add this claim, such an amendment is untimely since the deadline to file amended pleadings expired on January 6, 2007. See doc. 10 (scheduling notice).

"that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "An issue of fact is 'material' if it might affect the outcome of the case under the governing law. . . . It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1518 (11th Cir. 1990) (citations omitted).

The moving party "always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has shown that the party bearing the burden of proof at trial lacks evidence on an essential element of his claim, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Rule 56(e)).

"Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, that party

'must present affirmative evidence in order to defeat a properly supported motion for summary judgment' to show that there is a genuine issue for trial." Tidmore v. BP Oil Co./Gulf Products Div., 932 F.2d 1384, 1387 (11th Cir. 1991) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). A mere scintilla of evidence supporting the non-moving party's position will not fulfill its burden. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). The Court must consider the entire record in the case, not just those portions of the record which have been singled out for attention by the parties. Baker, 903 F.2d at 1519.

## III. Analysis

### A. Inadequate Medical Care

The Eighth Amendment proscription of cruel and unusual punishment, made applicable to the states by the Fourteenth Amendment's Due Process Clause, imposes a constitutional obligation upon the states to provide necessary medical care to those whom it has incarcerated.[2] Estelle

---

[2] At the time of the alleged constitutional violation, plaintiff was housed in the Screven County Jail as a pretrial detainee. Although the Eighth Amendment's proscription of "cruel and unusual punishment" applies only to convicted prisoners and not to pretrial detainees, it is well settled that the due process clause of the Fourteenth Amendment guarantees detainees the same level of protection mandated by the Eighth

v. Gamble, 429 U.S. 97, 103 (1976); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995); Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989). To state a constitutional claim based upon the failure to provide adequate medical care, a prisoner must show that the prison officials exhibited "deliberate indifference" to his "serious" medical needs. Estelle, 429 U.S. at 104.[3]

To establish deliberate indifference, it is not enough that prison medical personnel have been negligent in diagnosing or treating a prisoner's condition, since it is clear that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). "'[I]t is obduracy and wantonness, not inadvertence or error in good faith,'

---

Amendment for convicted persons. Hamm v. DeKalb County, 774 F.2d 1567, 1573-74 (11th Cir. 1985) ("states may not impose on pretrial detainees conditions that would violate a convicted prisoner's eighth amendment rights."). Thus, the Court will look to Eighth Amendment jurisprudence in evaluating plaintiff's claims.

[3] Estelle did not elaborate upon the meaning of a "serious" medical need but simply recognized a constitutional requirement to attend to any medical condition that could cause "unnecessary suffering" if left untreated. 429 U.S. at 103. This circuit has defined a "serious" medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1984)(citations omitted), overruled on other grounds by Hope v. Pelzer, 536 U.S. 730, 739 (2002).

5

that violates the Constitution in 'supplying medical needs.'" Adams, 61 F.3d at 1543 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). In fact, care provided to a prisoner need not be "'perfect, the best obtainable, or even very good.'" Harris, 941 F.2d at 1510 (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980)). Nor does a prisoner's mere disagreement with a prison physician concerning the proper course of treatment entitle him to any relief under § 1983. "[T]he question of whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams, 61 F.3d at 1545 (quoting Estelle, 429 U.S. at 107); Waldrop v. Evans, 871 F .2d 1030, 1033 (11th Cir. 1989) (no recovery under § 1983 for disagreements between patient and doctor about what is medically necessary or justifiable). A § 1983 claim, therefore, "does not lie if a prisoner's complaint is directed at the wisdom or quality of the medical treatment he received in prison, even if that treatment is so negligent as to amount to medical malpractice." Brinton v Gaffney, 554 F. Supp. 388, 389 (E.D. Pa. 1983). Indeed, even "gross negligence" is insufficient to establish

liability under § 1983. Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996).

The Supreme Court, articulating a more precise definition, has stated that deliberate indifference requires the same mental state as criminal recklessness. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v . Brennan, 511 U.S. 825, 837 (1994).[4] Therefore, an official is not liable for failing to attend to an inmate's serious medical need that he should have, but did not, perceive. Id. at 838.

Defendant contends that plaintiff has failed to prove that he was deliberately indifferent to a serious medical need in violation of the Eighth Amendment. Doc. 12. In support of his motion, defendant asserts that plaintiff has failed to demonstrate an objectively serious medical need. Id.

---

[4]Farmer held that Eighth Amendment claims have both an objective and a subjective component: the prisoner must (1) allege a deprivation that is "'sufficiently serious'" to implicate constitutional concerns and (2) demonstrate that the prison official had a "'sufficiently culpable state of mind .'" Id. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). Deliberate indifference, the requisite state of mind for all Eighth Amendment claims except excessive force, requires proof that the defendant disregarded a risk of harm of which he was aware. Farmer, 511 U.S. at 829, 837 (rejecting an objective test and adopting a subjective one for defining the state of mind that makes an official culpable for denying humane conditions of confinement).

Defendant further asserts that plaintiff has failed to offer any evidence from which it can be inferred that he had any knowledge of a serious medical need or that he was deliberately indifferent to such a need.  Id.

*Serious Medical Need*

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d at 1187.  A medical need is also serious where the denial of treatment would result in the "unnecessary and wanton infliction of pain," Estelle, 429 U.S. at 103.  Defendant contends that there is no objective evidence supporting plaintiff's claim that he suffered from a serious medical condition.  Doc 12. In support of this contention, defendant asserts that there was no diagnosis of plaintiff's alleged leg ailment while he was incarcerated, and, as a lay person, defendant was unable to perceive that plaintiff's complaints of pain amounted to a serious medical need.  Id.

According to plaintiff's complaint, he was injured on the job when a military utility trailer fell on his legs.   Doc. 1.   Plaintiff was then

incarcerated at the Screven County Jail on August 15, 2005 for a probation violation. Jackson Dep. at Ex D-2. Prior to this incarceration, plaintiff had been seeing a doctor and had been receiving hydrocortisone shots "[o]ff and on about every three to four months." Jackson Dep. at 23. Plaintiff also had been prescribed medication[5] for his injury and had this medication sent to the jail, where an officer distributed it to plaintiff. Id. at 29-30, 48-50. Defendant contends, however, that there was no visible sign of injury since plaintiff could walk upon being incarcerated. Doc. 12. While plaintiff admits that he could walk without assistance while incarcerated at Screven County Jail, he avers that upon arriving at the jail, he suffered from "deep pain [in] both legs." Doc. 1.[6] Plaintiff complains that his pain continued and his legs became swollen. Jackson Dep. at 45. Plaintiff further alleges that because he did not receive any medical attention, his pain worsened.

---

[5] According to the booking report, plaintiff was taking Flexeril and "Dinemetab." Jackson Dep. at 48-49.

[6] A pro se plaintiff's verified complaint—signed under penalty of perjury pursuant to 28 U.S.C. § 1746—is the equivalent of an affidavit and is considered competent evidence for summary judgment purposes where the complaint asserts non-conclusory allegations based on the plaintiff's personal knowledge. Sammons v. Taylor, 967 F.2d 1533, 1545 n. 5 (11th Cir. 1992); Perry v. Thompson, 786 F.2d 1093, 1095 (11th Cir. 1986); see Murrell v. Bennett, 615 F.2d 306, 310 n. 5 (5th Cir. 1980). See also Hart v. Hairston, 343 F.3d 762, 764 n. 1, 765 (5th Cir. 2003); Roberson v. Hayti Police Dep't, 241 F.3d 992, 994 (8th Cir. 2001); Williams v. Browman, 981 F.2d 901, 905 (6th Cir. 1992).

Doc. 1; Jackson Dep. at 58. Plaintiff testified that after he was transferred to Twin City Detention Center, the swelling in his legs caused tissues in them to tear. Jackson Dep. at 58. Plaintiff, therefore, has presented evidence that could lead a jury to find that he had a serious medical need. See Estelle, 429 U.S. at 103 (denial of medical treatment that results in unnecessary infliction of pain constitutes serious medical need); see also Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988) (medical needs of inmates need not be "life-threatening" to be considered serious under Estelle).

*Knowledge of Serious Medical Need*

Defendant contends that plaintiff has failed to demonstrate that defendant was aware of a serious medical condition. Doc. 12. Defendant asserts that plaintiff "only spoke to [him] one time regarding his alleged leg problem," and "did not give any correspondence to [him]." Id. Plaintiff testified that on October 30, 2005, he told Sheriff Kile that he was in pain and needed to see a doctor or needed medication for the swelling. Jackson Dep. at 32-34. Plaintiff also testified that he filled out medical forms "every

other day" and spoke to various officers every chance he could regarding his pain. Id. at 31. While plaintiff did not hand his medical forms or sick call slips directly to Sheriff Kile, he expected that these forms would eventually reach the sheriff. Id. at 32. Furthermore, plaintiff testified in his deposition that he wrote "numerous letters" to Sheriff Kile regarding his leg pain. Id. at 39. Despite Sheriff Kile's contention that he was unaware of plaintiff's alleged serious medical condition, there is sufficient evidence to permit a jury to conclude that defendant had the requisite subjective knowledge. Thus, an issue of fact exists regarding Sheriff Kile's subjective awareness of plaintiff's serious medical need.

*Sufficiently Culpable State of Mind*

Defendant also contends that plaintiff has failed to present any evidence demonstrating that he acted wantonly and with a sufficiently culpable state of mind. Doc. 12. Defendant asserts that at most plaintiff has identified evidence of mere negligence. Id. According to plaintiff's deposition, on October 30, 2005 plaintiff informed Sheriff Kile that he was in pain, showed him his swollen leg, and asked to see a doctor or to receive

medication for the swelling. Jackson Dep. at 32-34. Upon hearing plaintiff's pain complaints, Sheriff Kile told plaintiff that he would "see about getting [plaintiff] up out of here." Id. at 34. On December 5, 2005 he was transferred to Twin City Detention Center. Id. at 17, 39. While defendant released plaintiff on two occasions to resolve his workers' compensation case,[7] it is undisputed that plaintiff never received medical care while incarcerated at Screven County Jail. A jury, therefore, could determine that Sheriff Kile, with specific knowledge of plaintiff's complaints of leg pain, was deliberately indifferent to those complaints by not providing him with any medical care. Mandel, 888 F.2d at 788 (knowledge of need for medical care and intentional refusal to provide care constitute deliberate indifference).

Because questions of fact exist as to whether defendant was deliberately indifferent to a serious medical need, defendant is not entitled to summary judgment on the merits of plaintiff's claim.

---

[7] Sheriff Kile released plaintiff on September 16, 2005 to attend an EEOC meeting and again on November 20, 2005 to borrow money in order to pay his restitution fine. Jackson Dep. at 47.

## B.  Qualified Immunity

Defendant asserts that summary judgment should be granted in his favor because he is entitled to qualified immunity.[8]  Doc. 12.  Qualified immunity shields government officials performing discretionary functions from suits in their individual capacities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); see also Anderson v. Creighton, 483 U.S. 635, 638 (1987).  The doctrine of qualified immunity "'ensure[s] that before they are subjected to suit, officers are on notice their conduct is unlawful.'"  Hope, 536 U.S. at 739 (quoting Saucier v. Katz, 533 U.S. 194, 206 (2001)).

The court determines whether a defendant is entitled to qualified immunity as a matter of law, Mitchell v. Forsyth, 472 U.S. 511, 528 (1985),

---

[8] Defendant also asserts that he is entitled to summary judgment because, to the extent plaintiff has sued him in his official capacity, he is immune under the Eleventh Amendment.  Doc. 12.  It appears from plaintiff's complaint that he is suing defendant in his individual, rather than official capacity.  However, to the extent that plaintiff does intend to sue defendant in his official capacity, it should be noted that, as a state official, defendant is absolutely immune from suit for damages in his official capacity.  Farred v. Hicks, 915 F.2d 1530, 1532 (11th Cir. 1990) (government officials sued in their official capacities are protected from suit for damages under the Eleventh Amendment).

and the applicability of qualified immunity "should be resolved at the earliest possible stage of a litigation." <u>Anderson</u>, 483 U.S. at 646 n. 6. For government officials to be entitled to qualified immunity, they must show that they were acting within the scope of their discretionary authority when the alleged unconstitutional act occurred. <u>Wood v. Kesler</u>, 323 F.3d 872, 877 (11th Cir. 2003); <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1346 (2002).

Once government officials have established that they were acting within the scope of their discretionary authority, the burden then shifts to the plaintiff to demonstrate that qualified immunity is inappropriate. <u>Vinyard</u>, 311 F.3d at 1346. The Supreme Court has established a two part analysis for making this determination. <u>Dalrymple v. Reno</u>, 334 F.3d 991, 995 (11th Cir. 2003) (citing <u>Saucier</u>, 533 U.S. at 201). Viewing the facts in the light most favorable to the plaintiff, the court must first determine whether a defendant's conduct violated a constitutional right. <u>Id.</u> If a violation of a constitutional right is sufficiently alleged in the complaint, the court must then assess whether that right was clearly established at the time of the violation. <u>Id.</u>

Here, the acts and omissions alleged by plaintiff were within

defendant's discretionary authority as Sheriff of Screven County, since ultimately it was the sheriff's decision to grant or deny plaintiff's request for additional medical care. The burden then shifts to plaintiff to demonstrate that Sheriff Kile's conduct violated a constitutional right and that the right was clearly established at the time of the violation. Dalrymple, 334 F.3d at 995. Denying access to medical treatment for a serious illness or injury is a clearly established violation of the Eighth Amendment prohibition against cruel and unusual punishment. Estelle, 429 U.S. at 104-105; Ralston v. McGovern, 167 F.3d 1160, 1162 (7th Cir. 1999) (liability under the Eighth Amendment clearly established for refusal to render pain medication). The only question then, is whether, taken in the light most favorable to plaintiff, Sheriff Kile's conduct violated this constitutional right. See Saucier, 533 U.S. at 201. As discussed above, a question of fact remains as to whether defendant Kile was deliberately indifferent to plaintiff's serious medical need. Defendant, therefore, is not entitled to the protection of qualified immunity.

## IV. Conclusion

Based on the foregoing, the Court recommends that defendant's motion for summary judgment be DENIED.

**SO REPORTED AND RECOMMENDED this** _10th_ **day of August, 2007.**

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**